BRETT L. TOLMAN, United States Attorney (#8821)
AMY J. OLIVER, Assistant United States Attorney (#8785)
Attorneys for the United States of America
185 South State Street, Suite #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
amy.oliver@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| EMILY HALL BLODGET, | : | Civil No. 2:06 CV 00565 DAK |
| Plaintiff, | : | |
| vs. | : | **UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY** |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |
| | | Hon. Dale A. Kimball |

_____

Defendant United States of America submits this memorandum in support of its Motion in Limine to Exclude Expert Testimony.

**INTRODUCTION**

On October 23, 2002, Plaintiff Emily Hall Blodgett was driving her automobile south on Redwood Road in South Jordan, Utah. While she was stopped, a vehicle driven by Michael Dior, an employee of the United States Postal Service ("USPS"), struck Plaintiff's automobile. Plaintiff brought this lawsuit seeking damages as a result of the collision with the USPS vehicle. In order to support her claim for damages, Plaintiff seeks to designate virtually every witness in

1

this case as an "expert." However, as explained below, no expert testimony can be presented at trial because Plaintiff did not comply with this Court's Scheduling Order or with Federal Rule of Civil Procedure 26(a)(2) and the failure to do so was not harmless or substantially justified.

**ARGUMENT**

**I.    PLAINTIFF DID NOT COMPLY WITH THIS COURT'S SCHEDULING ORDER OR RULE 26(a)(2).**

The Court's Scheduling Order in this case set forth June 11, 2007 as the deadline for Plaintiff to identify "each testifying expert and the subject of each such expert's testimony." Scheduling Order and Order Vacating Hearing, p. 2-3, n. 3 (Docket #9); Fed. R. Civ. P. 26(a)(2)©) (The disclosures required by Rule 26(a)(2) "shall be made at the times and in the sequence directed by the court."). Plaintiff did not identify any testifying expert on or before June 11, 2007. Instead, Plaintiff filed a "Designation of Expert Witnesses" on August 9, 2007, nearly 60 days later. Docket #12. In her Designation, Plaintiff belatedly identified virtually every witness involved in the case as an expert witness, including several corporate entities. Id.

Plaintiff also failed to provide a single expert report in this case. The deadline set forth in the court's scheduling order for the disclosure of Plaintiff's Rule 26(a)(2) reports from experts was August 9, 2007. Not only did Plaintiff fail to produce any expert reports in this case by the Court's deadline, Plaintiff, to date, has failed to produce a single expert report. There is simply no dispute that Plaintiff has failed to comply with either this Court's Scheduling Order or Rule 26(a)(2).

**II.   THE FAILURE TO COMPLY WITH RULE 26(a)(2) WAS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED.**

Where a party has failed to comply with its discovery obligations under Rule 26(a), the

2

court may enter sanctions against that party, including the exclusion from trial of any evidence that was not properly disclosed. Fed. R. Civ. P. 37(c)(1). The Rule specifically provides that,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Id. The "sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." NutraSweet Co. v. X-L Eng'g Co., 227 F.3d 776, 785-86 (7th Cir. 2000) (internal quotation and citation omitted).

Here, Plaintiff failed to timely disclose any expert testimony and failed to disclose any expert reports in compliance with Rule 26(a). Therefore, she can only present such testimony at trial if she can demonstrate that her failure to so disclose was substantially justified or harmless. Palmer v. Rhodes Machinery, 187 F.R.D. 653, 655 (N.D. Okla. 1999) (finding Defendant's failure to comply with Rule 26(a)(2) was neither substantially justified nor harmless).

The "determination of whether a Rule 26(a) violation is substantially justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Id. To assist the district court in making that determination, the Tenth Circuit has set forth the following four factors that should guide the district court's discretion:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Id. (citations omitted). Examining the four factors in this case, it is clear that Plaintiff cannot

meet her burden because the failure to timely disclose any expert witnesses or disclose any expert reports is neither substantially justified nor harmless.

First, the purpose of Rule 26(a) is to "allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (quotation and citation omitted). Prejudice to the United States clearly results from the fact that Plaintiff has not "reveal[ed] what the experts will testify to at trial." Id. at 954 (finding that incomplete expert reports prejudiced the opposing party because of the likelihood of "the introduction of testimony not contained in the expert reports.").

Second, where prejudice results from the failure of Plaintiff to "reveal what the experts will testify to at trial . . . nothing [the United States] could have done prior to filing of the expert reports would have cured the prejudice." Id.

Third, the trial in this case is now just over one month away. Allowing Plaintiff to present any expert testimony at trial in the face of this discovery violation would require postponement of the trial and great additional expense to the United States because the United States must be provided the opportunity to review any expert report(s), depose the expert(s), and offer any rebuttal expert testimony.

Finally, it is clear that Plaintiff has not acted in good faith with regard to her expert witnesses. Plaintiff failed to timely identify any expert witnesses in this case in compliance with the deadline of June 11, 2008, failed to disclose any expert reports in compliance with the deadline of August 9, 2007, and, to this day, has failed to disclose any expert reports. Moreover, even had Plaintiff acted in good faith, "good faith alone would not be enough to overcome the

other factors." Jacobsen, 287 F.3d at 954. Therefore, pursuant to Rule 37(c)(1), Plaintiff should not be allowed to present any expert testimony at trial.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the motion in limine and exclude from trial any expert testimony.

DATED this 7th day of April, 2008.

BRETT L. TOLMAN
United States Attorney


/s/ Amy J. Oliver
_____
AMY J. OLIVER
Assistant United States Attorney

OF COUNSEL:

Ellen Kelly
Attorney-National Tort Center
United States Postal Service
P.O. Box 66640
St. Louis, MO 63166-6640

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY was mailed postage prepaid, delivered through interoffice mail or electronically filed to all parties named below, this <u>7th</u> day of April, 2008.

  Daniel F. Berch
  BERTCH ROBSON ATTORNEYS
  1996 East 6400 South, Suite 100
  Salt Lake City, UT 84121

            /s/ Brooke Wallace